**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LUZ COLON,**

    **Plaintiff,**

**vs.**                                                                 **Case No. 6:05-cv-1476-Orl-19DAB**

**INFINITI EMPLOYMENT**
**SOLUTIONS, INC., PHILIP MARTINA,**
**and KYMBERLY MARTINA,**

    **Defendants.**

_____

**ORDER**

    This Order comes before the Court on Defendants' Motion for Attorney's Fees and Costs, (Doc. No. 26, filed on February 14, 2006), and Plaintiff's Response to Defendant's Motion for Attorney's Fees and Costs. (Doc. No. 27, filed on February 20, 2006).

    Plaintiff Luz Colon filed suit against Defendants Infiniti Employment Solutions, Philip Martina, and Kymberly Martina under the Fair Labor Standards Act and Florida common law for allegedly failing to pay her wages. The Court stayed the instant action on October 31, 2005, pending completion of arbitration. (Doc. No. 10). After a status report by Defendants revealed that Plaintiff had not yet filed a demand for arbitration, the Court entered an Order requiring Plaintiff to show cause why the case should not be dismissed. (Doc. No. 20). Plaintiff responded with a status report stating that she was in the process of filing the demand for arbitration. (Doc. No. 22). Thereafter, Plaintiff requested a voluntary dismissal which was subsequently granted by the Court without prejudice. (Doc. Nos. 24,

-1-

25). Plaintiff states that her desire to dismiss the instant action was due to the fact that she saw no need to further "tie up" the resources of the Court with arbitration pending. (Doc. No. 27, p. 1).

Defendants have filed a Motion seeking attorney's fees and costs as a result of Plaintiff's voluntary dismissal. Defendants claim that Plaintiff's voluntary dismissal makes them the "prevailing party" under Section 448.08, Florida Statutes, entitling them to costs and attorney's fees in the instant action. For the following reasons, this argument is not well taken.

Attorney's fees are not warranted in this action. Although a voluntary dismissal generally makes the opposing party the "prevailing party" for purposes of assessing attorney's fees,[1] such is not always the case. A voluntary dismissal usually only makes the other party the "prevailing party" when the dismissal "terminate[s] finally any proceeding against" the non-dismissing party. *See Metro. Dade County v. Evans*, 474 So.2d 392, 393 (Fla. 3d DCA 1985). Furthermore, a party only "prevails" within the meaning of Section 448.08, Florida Statutes, "when there is an affirmative judgment rendered." *Comm. Design Corp. v. Antonell*, 459 So.2d 343, 346 (Fla. 3d DCA 1984). In fact, Florida courts have held that the plain and ordinary meaning of "prevailing party" requires that there be some end or finality to the litigation on the merits, such that at the end of the suit it can be said that one party has successfully maintained a claim against the other party. *Simmons v. Schimmel*, 476 So.2d 1342, 1344 (Fla. 3d DCA 1985). Generally, where a dismissal is unrelated to the

---

[1] *See, e.g., Stuart Plaza, Ltd. v. Atlantic Coast Devel. Corp.*, 493 So. 2d 1136 (Fla. 4th DCA 1986).

merits of the case, an award of attorney's fees is improper. *See Del Valle v. Biltmore II Condominium Assn.*, 411 So.2d 1356 (Fla. 3d DCA 1982).

In the case at bar, there has been no affirmative judgment rendered, and litigation has not come to an end on the merits. Rather, the case has been brought in a different venue.

As a further ground for denying the application, Defendants did not certify compliance with Local Rule 3.01(g) before filing their motion.

For the foregoing reasons, the Motion for Attorney's Fees and Costs filed by Defendants Infiniti Employment Solutions, Philip Martina, and Kymberly Martina is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this _21st_ day of February, 2006.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record